IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARGO L. ROYER,
    Plaintiff,
  v.
PENNSYLVANIA STATE UNIVERSITY,
    Defendant

Case No. 03:00-cv-290-KRG-KAP

## Report and Recommendation

Plaintiff Margo L. Royer has filed an apparently untimely motion for reconsideration, see Fed.R.Civ.P. 59, of her motion to vacate the judgment in this matter under Fed.R.Civ.P. 60(b)(6). It should be denied.

The judgment in this matter was entered in September 2002; it was affirmed by the Court of Appeals in January 2004. Royer's Rule 60 motion was filed in February 2012 and denied by order entered on March 20, 2012. docket no. 64. Royer's Rule 59 motion was filed more than 28 days later, on April 25, 2012. Royer tacitly asks for *nunc pro tunc* consideration of her Rule 59 motion because she was on active duty in a branch of the military. I ignore the question of timeliness because her motion so clearly lacks merit.

The function of a Rule 59 motion is to relitigate the original issue decided by the district court (in this case the Rule 60 motion) where there is an opportunity for the district court to correct its own legal error short of an appeal to the Court of Appeals. Royer asserts that the district court committed legal error in rejecting her Rule 60 motion, but does not put forward legal argument that the district court committed legal error. What

Royer does is repeat the allegations of misfeasance by her first two attorneys whom she paid, she asserts, more than $100,000.00 in legal fees. Those allegations are irrelevant to the question of judicial bias raised by her Rule 60 motion.

Royer adds one new allegation of fact that, she suggests, should have caused Judge Smith to recuse in 2000. That new allegation is that during some unspecified period of "many years" "prior to the Plaintiff's filing this action," she and her then-fiancé (also not specifically named, but also allegedly "personally associated" with Judge Smith) attended the same Masonic Lodge functions in Altoona, Blair County, and in fact sat "across from" him and his wife at "numerous" functions. Royer did not know until some unspecified time after judgment was entered in her case (and after her Rule 60 motion in February 2012, since the allegation was not made then) that this person was the same person who was the judge in her case because, she said, she "personally knows" (present tense) Judge Smith as "David Brookman Smith" and the various orders in her civil case were signed "D. Brooks Smith."

Royer does not assert that her personal relationship with Judge Smith overlapped the pendency of her complaint in the district court. But she asserts the relationship was so close that Judge Smith so obviously must have been aware of who she was that he should have, *sua sponte*, recused under 28 U.S.C.§ 455 on the grounds of personal bias, and this court should under Rule 60

2

correct his failing. At the same time, he and everyone else identified him as "David" or "David Brookman" and not "Brooks" and never during these several years of personal association let slip that he was a federal judge, or else Royer never put two and two together that Judge David Brookman Smith and Judge D. Brooks Smith were the same person.

It is beyond belief that Royer had a close enough relationship with Judge Smith that he should have recused *sua sponte* in 2000, while at the same time Judge Smith's employment, or the name by which he is generally known in the community, never came up in conversation or otherwise came to Royer's attention until 2012. First, I think it is unlikely that any two normal adults in mainstream American society can have an introductory social conversation without the subject of employment coming up. Second, Judge Smith not only has been known in the community during his adult life as "Brooks" and not "David Brookman," he ran two political campaigns in Blair County (for District Attorney and for Court of Common Pleas) under the name "D. Brooks Smith." It is not credible to assert that Royer socialized with Judge Smith for several years and never heard him called Brooks or, even if they stopped socializing in 2000, realized until 2012 that he was the judge in her case. (If Royer had asserted that she continued to socialize with Judge Smith during the pendency of her case but never disclosed this fact until 2012, she should be sanctioned for

sandbagging, not rewarded by having the judgment reopened.) The motion to reconsider should be denied.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: M 7 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Margo L. Royer
528½ Juniata Street
Dubois, PA 15801